Viola P. Brockel v. Commissioner.
Brockel v. Commissioner
Docket No. 56302.
United States Tax Court
T.C. Memo 1956-243; 1956 Tax Ct. Memo LEXIS 50; 15 T.C.M. (CCH) 1248; T.C.M. (RIA) 56243; November 7, 1956
*50 Ray T. McCann, Esq., Caswell Building, Milwaukee, Wis., for the Petitioner. John L Pedrick, Esq., for the Respondent. HARRON Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax for 1951 in the amount of $148.60. The only question is whether the sum of $630.08, paid to petitioner in 1951 by her former husband, constitutes taxable income. Findings of Fact Petitioner is a resident of Milwaukee, Wisconsin. Her income tax return was filed with the collector of internal revenue for Wisconsin. Petitioner was married to Thomas W. Brockel, hereinafter referred to as Brockel or as Thomas, on September 1, 1923, and three children were born of the marriage. On September 12, 1939, petitioner was granted a divorce from Brockel; she was awarded custody of the three minor children. Petitioner has not remarried. She has been employed continuously by Chicago & Northwestern Railway Company, in Milwaukee, as a clerk-stenographer. In 1951, the taxable year, petitioner's total wages from her employment amounted to $2,854.80. Brockel was employed as a fitting room foreman by a shoe manufacturing company prior to the divorce. He quit *51 his job after the divorce, left Milwaukee, and petitioner did not hear from him for a long time. In 1940, Brockel was imprisoned in the state prison in Waupun, Wisconsin. Brockel was legally obligated to contribute to the support of his minor children but after the divorce he failed to make such support payments regularly. Such payments as he made in some years were made intermittently and in some years he did not make any payments for his children's support In 1945 petitioner obtained from the district attorney in Milwaukee a warrant for Brockel's arrest for abandonment of and failure to support his children. Because Brockel was absent from Wisconsin the warrant remained outstanding and unserved during 1945 and for several years thereafter through 1950 and during part of 1951. In 1951 Brockel was serving a term in the state prison at Stillwater, Minnesota. As the time approached for his release he told his brother, Edward, that he would like to return to Wisconsin. However he was subject to detainer proceedings under the 1945 nonsupport warrant which proceedings would involve intercession by legal authorities of Wisconsin and trial for abandonment of his children upon his return *52 to Wisconsin. Edward interceded in behalf of Thomas by appealing to petitioner to obtain withdrawal of the warrant so that Thomas would be able to return to Wisconsin without being subject to the legal procedures under the warrant. In order to induce petitioner to obtain withdrawal of the warrant, Edward promised petitioner that payments would be made on the arrearages in the children's support payments. An oral agreement was made in 1951, accordingly, the petitioner obtained withdrawal of the warrant. She agreed to do so upon the condition that payments would be made to her as promised by Edward. Brockel returned to Wisconsin in 1951, after the warrant was withdrawn. He obtained employment in Milwaukee and during the remainder of 1951 he made various payments to petitioner aggregating $630.08 for his arrearages in the children's support payments. Brockel died in 1955. The sum of $630.08 was paid to petitioner pursuant to the oral agreement with Edward. This sum constituted payment of part of Brockel's arrearages in the support payments which he was legally obligated to make for the support of his children. No part of the sum was for petitioner's support or in payment of alimony. *53 Opinion HARRON, Judge: Upon the facts it is concluded that no part of the payments made by Brockel in 1951 represented periodic payments under the 1939 divorce decree, and that respondent erred in including $630.08 in petitioner's taxable income for 1951. The evidence establishes that the disputed payments were made pursuant to the oral agreement which petitioner made in 1951 with Brockel's brother, Edward, under which petitioner agreed to obtain withdrawal of the warrant against Brockel. Because petitioner agrees to minor adjustments made by respondent, recomputation of the deficiency is necessary. Decision will be entered under Rule 50.